IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JONATHAN CRAIG WRIGHT,

    Plaintiff,

v.                                                       CASE NO. 1:13-cv-248-SPM-GRJ

OFFICER SCURGIA AND
OFFICER COULTER,

    Defendants.
_____/

## **REPORT AND RECOMMENDATION**

This case is before the Court on Doc. 1, Plaintiff's *pro se* complaint filed pursuant to 42 U.S.C § 1983 ("complaint"). Plaintiff, a prisoner in the custody of the Florida Department of Corrections ("FDOC"), has been granted leave to proceed as a pauper by separate Order. (Doc. 4.) This case is before the Court for screening pursuant to 28 U.S.C § 1915, which provides that the Court may dismiss a case at any time if the Court determines that the allegation of poverty is untrue, or the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C § 1915(e)(2). For the reasons discussed below, it is **RECOMMENDED** that the case be **DISMISSED** for failure to state a claim.

### **Plaintiff's Allegations**

Plaintiff's sole complaint is that Defendants deprived him of his personal property–a pair of boots, a Sony digital radio, and stamps. Plaintiff alleges that his personal property was seized when he was taken to administrative confinement, and

that upon his release these items were missing. He "makes a negligence complaint alleging that Officers Scurgia and Coulter breached a duty of care owed to him by negligently misplacing or intentionally destroying his personal property during a shakedown search under color of law and state action by showing deliberate indifference to the rights of petitioner's property while carrying out their duties." (Doc. 1, p. 6.) For relief, Plaintiff seeks the total cost, plus tax, of replacing his boots, stamps, and radio; and court costs. (Doc. 1.)

## Standard of Review

Since Plaintiff is proceeding *in forma pauperis*, the court is required to dismiss the case at any time if it determines that the "action or appeal" is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(B).

Because the language of § 1915(e)(2)(B)(ii) tracks the language of Fed. R. Civ. P. 12(b)(6), dismissals for failure to state a claim are governed by the same standard as the Rule. *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to the plaintiff. *See Pielage v. McConnell*, 516 F.3d 1282 (11th Cir. 2008); *Thaeter v. Palm Beach County Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006); *Davis v. Monroe County Bd. Of Educ.*, 120 F.3d 1390, 1393 (11th Cir. 1997). Plaintiff must allege more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" and his complaint must include factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955,

1964-65, 1973 n.14, 167 L.Ed.2d 929 (2007) (declining to apply a heightened pleading standard, and abrogating *Conley v. Gibson,* 355 U.S. 41, 47 (1957) ("a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. at 45-46.))

Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant. *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) (citing *Hall v. United Ins. Co. Of Am.,* 367 F.3d 1255, 1263 (11th Cir. 2004)). Upon review of plaintiff's complaint, the court concludes that plaintiff has not presented an actionable claim and that *sua sponte* dismissal is therefore warranted. *Vanderberg v. Donaldson,* 259 F.3d 1321, 1323 (11th Cir. 2001).

### **Discussion**

"It is well established that negligent or intentional deprivations of property resulting from random, unauthorized acts of government officials do not become due process violations when there exist adequate remedies under state law for Plaintiff to seek redress for the deprivation." *Edler v. Gielow,* 2010 WL 3958014, at *3 (N.D. Fla. 2010) (citing *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527, 543-44 (1984), *overruled on other grounds*, *Daniels v. Williams,* 474 U.S. 327 (1986); *Rodriguez-Mora v. Baker*, 792 F. 2d 1524, 1527 (11th Cir. 1986). Remedies exist in FDOC inmate grievance procedures to contest misplaced or mishandled property and Florida's state law tort remedy (Fla. Stat. § 768.28). Accordingly, Plaintiff cannot maintain a § 1983 claim based on the alleged deprivation of his personal

property.  Although Plaintiff also alleges that the deprivation of his personal property was the result of Defendants' deliberate indifference, Plaintiff's allegations of deprivation of his boots (he admits he was permitted to wear other shoes), radio, and stamps simply do not rise to the level of an Eighth Amendment violation.

## Recommendation

For the foregoing reasons, the Court concludes that the complaint should be dismissed for failure to state a claim, pursuant to 28 U.S.C.A. § 1915(e)(2)(B). Accordingly, upon due consideration, it is respectfully **RECOMMENDED** that this case be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim.  The dismissal of this case will count as a strike for purposes of 28 U.S.C. § 1915(g).

IN CHAMBERS  this 13th day of December  2013.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**
**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**