IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JONATHAN CRAIG WRIGHT,

    Plaintiff,

v.       CASE NO. 1:13-cv-00248-MP-GRJ

OFFICER SCURGIA and
OFFICER COULTER,

    Defendants.

_____/

**O R D E R**

This cause comes on for consideration upon the Magistrate Judge's Report and Recommendation dated December 13, 2013. (Doc. 5). The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1). I have made a de novo determination of any timely filed objections.

The Plaintiff objects to certain details in the Magistrate Judge's summary of the case. These details, however, are not material to the issue of whether the Plaintiff can state a valid claim for relief. For the reasons stated in the Report and Recommendation as explained further below, I find that the Plaintiff's complaint, with all well-pleaded allegations taken as true, cannot state a claim on which relief may be granted.

1.     The Plaintiff's allegation of negligence by the officers is not actionable under 28 U.S.C. § 1983. "[T]he Due Process Clause is simply not implicated by the negligent act of an official causing unintended loss of or injury to life, liberty or property." Daniels v. Williams, 474 U.S. 327, 328 (1986). For negligent acts, "'no procedure for compensation is constitutionally

required.'" Id. at 333 (quoting Parratt v. Taylor, 451 U.S. 527, 548 (1981)).

2.  The Plaintiff alleges alternatively that the officers abused their position and intentionally deprived him of his property. "[I]ntentional deprivations of property resulting from random and unauthorized acts of government officials do not become due process violations where there exists adequate remedies under state law for Plaintiff to seek redress of the deprivation." Edler v. Gielow, No. 3:08cv530/WS/EMT, 2010 WL 3958014 at *3 (N.D. Fla. Oct. 7, 2010). Although the Plaintiff objects that his case does not involve a random and unauthorized act because "shake down searchers are not random" and occur as a matter of policy at every fight scene (Doc. 6, ¶ 5), what must be random is not the shake down but the unauthorized conduct causing the deprivation. The Plaintiff alleges in his complaint that "[r]easonable officers would have followed protocol and acted in a way to secure my property by following procedures designed to prevent the loss of my property because they had a duty to supervise, protect and care for my property." (Doc. 1, ¶ V.6). This failure to follow procedure is what is relevant under the due process analysis; and it is properly deemed random and unauthorized. According to the allegations in the Plaintiff's complaint, the officers deviated from standard procedures established to safeguard inmate property. The deviation was not foreseeable and additional procedural safeguards would not be practical to protect against it. In these circumstances, there is no due process violation unless post-deprivation remedies are unavailable under state law. Hudson, 468 U.S. at 533-34 (1984). The Plaintiff has post-deprivation remedies under state law for the loss of his boots and radio[1], so he has no due process claim under § 1983.

---

[1] The Report and Recommendation notes that the Plaintiff was also deprived of stamps. (Doc. 5 at p.4). It appears from reading the complaint, however, that the Plaintiff refers to stamps as a cost he seeks to recover if he prevails in this proceeding, and not an item that went missing when he was placed in confinement. (Doc. 1, ¶ VII). In any event, whether the stamps are an

3.      Finally, to be actionable under the Eighth Amendment, a deprivation must be "sufficiently serious" to "result in the denial of 'the minimal civilized measure of life's necessities.'" Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). The Plaintiff cannot state a claim under the Eighth Amendment for the loss of his boots and radio because the loss is not sufficiently serious. The alleged wrong suffered by the Plaintiff can be properly addressed through state tort law: it is not a matter of constitutional dimension.

Having considered the Report and Recommendation, and any objections thereto timely filed, I have determined that the Report and Recommendation should be adopted.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1.     The magistrate judge's Report and Recommendation is adopted and incorporated by reference in this order.

2.     This case is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted. The dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g).

**DONE AND ORDERED** this  _3rd_  day of March, 2014

 _s/Maurice M. Paul_
Maurice M. Paul, Senior District Judge

---

item that went missing or a court cost, the outcome of this case would still be the same.

*Case No: 1:13-cv-00248-MP-GRJ*